Case 4:25-cv-01933   Document 10   Filed on 05/21/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
May 21, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TREMEKA DAVIS, | § |
| *Plaintiff*, | § |
| v. | § CIVIL ACTION NO. 4:25-cv-1933 |
| WENDY HAGEN, KIMBERLY YOUNG, and JOHN DOE, | § |
| *Defendants*. | § |

## ORDER

Pending before the Court is Plaintiff Tremeka Davis's Ex Parte Emergency Motion for Demonic Satanic Abuse Order for Emergency Hearing to Show Cause. (Doc. No. 9). Defendants have yet to be served.[1] Though no Defendant has sought dismissal of this case, the Court dismisses Plaintiff's case *sua sponte* under 28 U.S.C. § 1915.

Plaintiff's application to proceed *in forma pauperis* ("IFP") was granted on April 22, 2025. (4:25-mc-668, Doc. No. 2). For plaintiffs proceeding IFP, 28 U.S.C. § 1915(e)(2) provides:

[T]he court shall dismiss the case at any time if the court determines that . . .

  (B) the action or appeal—

    (i) is frivolous or malicious;

    (ii) fails to state a claim on which relief may be granted; or

    (iii) seeks monetary relief against a defendant who is immune from such relief.

---

[1] Though it appears that Plaintiff has attempted service on Defendants Wendy Hagen and Kimberly Young, each attempt was unsuccessful due to an insufficient name or address. Plaintiff also submitted numerous waivers of the service of summons for individuals and entities that are not part of this lawsuit. *See* (Doc. No. 8).

Courts have the authority to dismiss actions *sua sponte* under 28 U.S.C. § 1915(e)(2)(B) when a plaintiff's claims are legally and factually frivolous.[2] *See Garrett v. Burgess*, No. 4:24-cv-04495, 2025 WL 643519, at *1 (S.D. Tex. Jan. 13, 2025), *report and recommendation adopted*, No. 4:24-cv-4495, 2025 WL 642054 (S.D. Tex. Feb. 26, 2025); *see also Brown v. Lucifer*, No. 3:24-cv-2179, 2024 WL 4495852, at *1 (N.D. Tex. Sept. 16, 2024), *report and recommendation adopted*, No. 3:24-cv-2179, 2024 WL 4497936 (N.D. Tex. Oct. 15, 2024) ("A review of [plaintiff's] complaint shows that it fails to state a claim and is legally and factually frivolous. [Plaintiff] provides no substantive factual allegations from which the Court could discern a plausible cause of action. Her allegations are fanciful, fantastic, irrational, wholly incredible, and delusional."). "A complaint is frivolous when 'it lacks an arguable basis either in law or fact.'" *Solomon v. Page*, No. 2:24-mc-00159, 2024 WL 4719890, at *1 (S.D. Tex. Sept. 17, 2024), *report and recommendation adopted*, No. 2:24-mc-00159, 2024 WL 4982993 (S.D. Tex. Dec. 4, 2024) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). "A claim is legally frivolous under § 1915 when it is based on an 'indisputably meritless legal theory.'" *Id.* (quoting *Neitzke*, 490 U.S. at 327). "A claim is factually frivolous if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Id.* (quoting *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995); *Denton v. Hernandez*, 504 U.S. 25, 33–34 (1992) (quotations omitted)); *see also Ross v. Texas*, No. 10- cv-2008, 2011 WL 5978029, at *15 (S.D. Tex. Nov. 29, 2011) ("[I]n reviewing Plaintiff's submissions it is apparent from the incoherent, rambling, wild statements, totally lacking in any factual support, not only that Plaintiff fails to state a claim for which relief may be

---

[2] "Section 1915(e)(2)(B) applies equally to prisoner as well as nonprisoner in forma pauperis cases." *Hunt v. Midland/Odessa Urban Transit Dist.*, No. 18-cv-151, 2018 WL 10036076, at *1 n.2 (W.D. Tex. Sept. 27, 2018) (citing *Newsome v. Equal Emp. Opportunity Comm'n*, 301 F.3d 227, 231–33 (5th Cir. 2002) (affirming dismissal of nonprisoner claims for frivolity and failure to state a claim under § 1915(e)(2)(B)(i) and (ii))) (additional citations omitted).

granted under Rules 8 and 12(b)(6), but that his action is frivolous and delusional under 28 U.S.C. § 1915(e).").

Here, Plaintiff's claims are factually frivolous as her allegations clearly fall into the fanciful, fantastic, and delusional categories. Plaintiff's Complaint (Doc. No. 1) is mostly unintelligible, consisting of numerous allegations that are difficult to follow. Plaintiff makes outlandish, confusing, obscure, and offensive allegations, such as:

- "They hacked our Bodies to steal of us to do self enhancement." (*Id.* at 3).

- "The Defendant Wendy Hagen and her Producer's did Satanic sex ritual on my self Tremeka Davis and Children to get Fame and Success. In these ritual abuse they used their infected DNA." (*Id.* at 4).

- "They removed then rebuilt my birthing system. They was guarded to attack us on the Brain." (*Id.*).

- "They try to body swap me in to a snake using their snake people. My Bone's was switched and They steal my Identity Tremeka Davis and kids while doing Holiday Rituals." (*Id.* at 5).

- "Wendy Hagen producer was there to John Doe. He also did Holiday rituals on us causing sever injuries they was letting their Anti Christ do the attacks." (*Id.* at 6).

- "Wal-mart did a attack on my Self and Family member with WoodForest Bank."(*Id.*).

These are just a few examples of the allegations made by Plaintiff. The allegations made in the pending motion are, somehow, even less intelligible and more outlandish. Though Plaintiff may believe she is entitled to relief from these fanciful allegations, "a reasonable person would find them irrational and completely lacking any factual basis." *Solomon*, 2024 WL 4719890, at *2; *see Flores v. United States Attorney General*, 434 Fed. App'x 387, 388 (5th Cir. 2011) (affirming dismissal as frivolous where plaintiff alleged members of the federal government were "using advanced technology with direct signal to the satellite in outer space that has the capability of calculating a genetic code to inflict upon the [plaintiff] . . ."); *Kolocotronis v. Club of Rome*, 109

F.3d 767, 1997 WL 115260, at *1 (5th Cir. 1997) (affirming dismissal of complaint describing government plot to spread the AIDS virus throughout the world); *Patterson v. U.S. Gov't*, No. 3-08-cv1730, 2008 WL 5061800, at *2 (N.D. Tex. Nov. 25, 2008) (dismissing complaint where plaintiff alleged she received messages through the television and was tracked by remote control).

Where a complaint is factually frivolous, the court should dismiss the action with prejudice. *See Tubbs v. Time Warner*, No. 3:24-cv1957, 2024 WL 4045768, at *1 (N.D. Tex. Aug. 15, 2024), *report and recommendation adopted*, No. 3:24-cv-1957, 2024 WL 4051761 (N.D. Tex. Sept. 4, 2024) ("Tubbs provides no substantive factual allegations from which the Court could discern a plausible cause of action. Her allegations are fanciful, fantastic, irrational, wholly incredible, and/or delusional. Accordingly, her complaint should be dismissed with prejudice."); *Styles v. Equal Opportunity Emp. Comm'n*, No. 3:17-cv-2256, 2020 WL 3038579, at *1–2 (N.D. Tex. Apr. 6, 2020), *report and recommendation adopted*, No. 3:17-cv-2256-N-BH, 2020 WL 3036628 (N.D. Tex. June 5, 2020) (dismissing plaintiff's complaint with prejudice as factually frivolous under 28 U.S.C. § 1915(e)(2)(B)).

Because these claims are legally and factually frivolous, this action is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

Signed at Houston, Texas, this 21st day of May, 2025.

Andrew S. Hanen
United States District Judge